UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-248(4) (DWF/HB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Anissa Marie Peterson, | |
| Defendant. | |

Keala C. Ede, Office of the Federal Defender, counsel for Defendant.

Allen A Slaughter, Jr., Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

## INTRODUCTION

This matter is before the Court on Defendant Anissa Marie Peterson ("Peterson") and the United States of America's (the "Government") joint motion for compassionate release pursuant to 18 U.S.C. § 3582(c) in light of the COVID-19 pandemic.[1] (Doc. No. 248 ("Motion").) For the reasons discussed below, the Court grants the Motion.

## BACKGROUND

On January 3, 2018, Peterson pled guilty to one count of conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1),

---

[1] On the same day the parties filed their Motion, Peterson also moved for appointment of counsel. (Doc. No. 243 ("Request").) The Court grants her Request. (Doc. No. 246).

841(b)(1)(A), and 846.  (Doc. Nos. 116, 118.)  On June 20, 2018, this Court sentenced her to 86 months' imprisonment followed by a five-year term of supervised release.[2] (Doc. Nos. 212, 215 ("Sentencing Judgment").)  Peterson is now incarcerated at Waseca FCI in Minnesota.  BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed September 24, 2020).  According to the Bureau of Prisons ("BOP"), Peterson's release date is July 18, 2024.  *Id.*

The parties agree that Peterson suffers from a number of medical conditions, including obesity and asthma, that elevate her risk of serious complications should she contract COVID-19.  (Motion at 2; *see also* Doc. No. 245 at 2-178 ("Medical Records").) The parties also agree that Peterson has engaged in extensive rehabilitative programming, and that a sentence reduction is consistent with the sentencing factors outlined in 18 U.S.C. § 3553(a), on their own and as interpreted by the Supreme Court in *Pepper v. United States*, 562 U.S. 476, 490-93 (2011).  (*Id.*; *see also* Doc. No. 245 at 179-190 ("Prison Record").)

The parties ask that the Court reduce Peterson's remaining sentence to time served and convert that time to a term of supervised release that runs from the day she is released from prison to July 18, 2024, the expiration of the imprisonment component of her sentence.  (*Id.* at 1.)  The parties also request that during this period, Peterson be placed on home confinement with location monitoring as deemed appropriate by her

---

[2] The Court ordered that Peterson's supervised released was subject to a number of conditions.  (*See* Sentencing Judgment at 3-5.)

supervising officer. (*Id.*) Following the expiration of the new term of supervised release on July 18, 2024, the parties request that the Court order that Peterson begin the original 5-year term of supervised release set forth in her Sentencing Judgement. (*Id.* at 1-2; *see also* Sentencing Judgment at 3-5.)

## DISCUSSION

Under 18 U.S.C. § 3582(c)(1)(A)(i), a Court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing reduction of sentences under § 3582(c)(1)(A) asserts in relevant part that a court may reduce a defendant's term of imprisonment after considering § 3553(a) factors if it finds that: (1) "extraordinary and compelling reasons warrant the reduction;" (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "the reduction is consistent with this policy statement."[3] USSG § 1B1.13 ("Statement"). The Statement includes an application note that defines "extraordinary

---

[3] While the policy statement refers only to motions filed by the BOP Director, the Court construes the statutory command pursuant to § 3582(c)(1)(A)(ii) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission" to mean that the Statement also applies to motions filed by defendants.

3

and compelling reasons" as (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.[4]  *Id.*

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A).  Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."[5]  *Id.*

The Court finds that the Motion is properly before the Court.  (Doc. No. 245 at 1.) Moreover, in light of the COVID-19 pandemic and the parties' joint Motion and supporting documentation, including Peterson's Medical Records, the Court finds that Peterson's medical conditions are sufficiently extraordinary and compelling to warrant compassionate release.  Furthermore, the Court finds that a combination of conditions

---

[4]     The Statement cites examples of qualifying medical conditions including metastatic solid-tumor cancer, amyotrophic lateral sclerosis, end-stage organ disease, and advanced dementia.  Statement at n.1(A)(i).

[5]     While judicially created exhaustion requirements may sometimes be excused, no exception applies to a statutory command such as that presented in Section 3582(c)(1)(A).  *See Ross v. Blake*, 136 S. Ct. 1850, 855-57 (2016) (rejecting judicially created "special circumstances" exception to the exhaustion requirement unambiguously stated in the Prison Litigation Reform Act of 1995).

will reasonably ensure the safety of the community, and that a reduction of sentence is consistent with the Statement and the § 3553(a) sentencing factors.[6]  Accordingly, the Court grants the parties' joint Motion and reduces Peterson's remaining sentence to time served and converts that time to a term of supervised release that shall run from the day she is released from prison to July 18, 2024.  *See* 18 U.S.C. § 3582(c)(1)(A) (when a court grants release it may "impose a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment.").

During this period, in addition to the conditions set forth in her Sentencing Judgment, Peterson shall be subject to home confinement with location monitoring as deemed appropriate by her supervising officer and adhere to the release plan approved by the U.S. Probation and Pretrial Services Office.  (*See* Doc. No. 241; *see also* Sentencing Judgment at 3-5.)  Following the expiration of the new term of supervised release on July 18, 2024, Peterson shall begin the original 5-year term of supervised release set forth in her Sentencing Judgment.  (*See* Sentencing Judgment at 3-5.)

To ensure Peterson's health and safety upon release, including any potential quarantine, the Court authorizes the Board of Prisons to follow its own internal procedures to coordinate Peterson's release provided that she is released within fifteen (15) days of this Order.

---

[6]     The record reflect that Peterson has an exemplary prison record, has participated in rehabilitative programming, and that she has a release plan.  (*See* Prison Records; *see also* Doc. No. 241 (detailing release plan).)

5

The Court commends Peterson for her exemplary prison record, and strongly encourages her to remain law-abiding upon release.

## CONCLUSION

For the reasons set forth above, and subject to strict conditions, the Court finds that extraordinary and compelling reasons warrant Peterson's release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Anissa Marie Peterson's Motion to Appoint Counsel (Doc. No. [243]) is **GRANTED**. Defendant's Motion to Reduce Sentence (Doc. Nos. [242]) is also **GRANTED** as set forth below:

1. Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the Court reduces Defendant Anissa Marie Peterson's term of imprisonment to the time she has served as of the entry of this Order and converts that time to a term of supervised release that shall run from the day she is released from prison to July 18, 2024.

2. The Defendant shall be released from the custody of the Federal Bureau of Prisons as soon as her release plan is implemented, travel arrangements can be made, and any applicable quarantine period required in light of the COVID-19 pandemic has been completed;

   (a) The Court leaves it to the discretion of the Bureau of Prisons and the United States Probation Office to determine whether quarantine is necessary and whether any quarantine is served in Bureau of Prisons custody or in the

community; and

    (b)    Notwithstanding, Peterson shall be released within fifteen (15 days) from the date this Order is issued.

3.    Once released from custody, Peterson shall be subject to home confinement with location monitoring as deemed appropriate by her supervising officer, adhere to the release plan approved by the U.S. Probation and Pretrial Services Office, and be subject to all conditions of supervised release set forth in her Sentencing Judgment until July 18, 2024.

4.    Following the expiration of the new term of supervised release on July 18, 2024, Peterson shall begin the original 5-year term of supervised release set forth in her Sentencing Judgment.

Date:  September 25, 2020                          s/Donovan W. Frank
                                                                 DONOVAN W. FRANK
                                                                 United States District Judge